FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 29 2013

CENTRAL DISTRICT OF CALIFORNIA
BY \_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MICHAEL HARRIS,

   Petitioner,

  v.

P. D. BRAZELTON, Warden,

   Respondent.

Case No. CV 13-02115 JAK (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Michael Harris ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at an August 11, 2009 conviction in the California Superior Court for Los Angeles County. Petitioner was convicted of selling cocaine base and possession for sale of cocaine base, he admitted several prior convictions for enhancement purposes, and he was sentenced to 37 years and 8 months in state prison (case no. PA063485).

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///
///

    The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on August 11, 2009, and sentenced on September 4, 2009. On January 6, 2011, the California Court of Appeal affirmed the judgment (case no. B219275). The California Supreme Court then denied review of the court of appeal's decision on March 16, 2011 (case no. S189912). Petitioner has not alleged, and it does not appear, that he filed a petition for certiorari with the United States Supreme Court. (Pet. at 2-3; state court records.)

    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on June 14, 2011, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on June 15, 2011, and ended a year later on June 15, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until March 17, 2013 -- 275 days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start

---

[1] The Court takes judicial notice of records in the state appellate courts that relate to this action, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison
(continued...)

1 date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

C. **Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). Further, on state collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Id.* at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

Petitioner states in the Petition that he filed three state habeas petitions; one in the superior court (case no. PA063485), one in the court of appeal (case no. B245027), and one in the California Supreme Court. (Pet. at 3-5.) However, Petitioner has not properly completed the Court's approved form by providing the dates he turned those petitions over to prison authorities for mailing, or the dates those petitions were denied. He has also failed to provide a case number for the petition he purportedly filed in the California Supreme Court, and this Court's research of the state court records confirm Petitioner has never filed a state supreme court habeas petition. As to his petition in the court of appeal, Petitioner's state court records establish it was filed on November 8, 2012, and summarily denied on November 20, 2012. (State court records.)

///

---

² (...continued)
mail system on March 17, 2013, the date written and initialed by a prison official on the back of the envelope containing the Petition.

Page 4

As a result, based on the face of the Petition and state court records, Petitioner is not entitled to any statutory tolling. The only state petition he has established was even actually filed -- case no. B245027 in the California Court of Appeal -- was filed 146 days after the limitations period expired on June 15, 2012. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Further, because Petitioner's second state habeas petition was filed so long after the expiration of the limitations period, it appears likely the other two petitions, if actually filed, suffered the same fate. Consequently, it is not enough for Petitioner's Response to the OSC to merely state that he did, in fact, file two other state habeas petitions. **He must attach a properly authenticated, complete, copy of his <u>first</u> state habeas petition, presumably in the superior court, indicating the date it was turned over to prison authorities for mailing, so the Court can determine if he is entitled to any statutory tolling, or if all three petitions were filed after the limitations period expired.**

Finally, Petitioner also filed a prior federal habeas action, which has no bearing on the Court's timeliness analysis.[3/] By AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was

---

[3/] A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Page 5

1 dismissed, at Petitioner's request, in its entirety and is no longer pending (*see* CV 11-8857 JHN (AN), [9], [10]). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back.").

Absent evidence to the contrary, the face of the Petition and state court records establish that Petitioner is not entitled to any statutory tolling.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///
///
///
///
///

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### E. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its

discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

The Petition does not set forth any facts for equitable tolling.

## ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **April 18, 2013**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: March 29, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE